1   LAWRENCE G. BROWN
    Acting United States Attorney
2   KRISTIN S. DOOR, SBN 84307
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone: (916)554-2723

5   Attorneys for Plaintiff
    United States of America

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              )    2:08-cv-02753 JAM-GGH
                                           )
12            Plaintiff,                    )    **JOINT STATUS REPORT AND**
                                           )    **STIPULATION FOR STAY AND**
13       v.                                 )    **ORDER**
                                           )
14  APPROXIMATELY $23,032.07 IN U.S.        )
    CURRENCY SEIZED FROM BANK OF            )
15  AMERICA ACCOUNT NO. 03842-03399,        )
    HELD IN THE NAME OF PAY-LESS            )    DATE: N/A
16  WHOLESALE,                              )    TIME: N/A
                                           )    COURTROOM: N/A
17  APPROXIMATELY 135,455 CIGARS,           )
    (SMOKEABLE OTP) IN PACKS OF 5, 10,      )
18  AND 20 RECOVERED FROM PAY-LESS          )
    WHOLESALE,                              )
19                                          )
    APPROXIMATELY 2,297 CIGARS              )
20  (SMOKEABLE OTP) IN PACKS OF 50          )
    RECOVERED FROM PAY-LESS WHOLESALE,      )
21                                          )
    APPROXIMATELY 151 CIGARS                )
22  (SMOKEABLE OTP) IN PACKS OF 240         )
    RECOVERED FROM PAY-LESS WHOLESALE,      )
23                                          )
    APPROXIMATELY 326,942 INDIVIDUAL        )
24  CIGARS (SMOKEABLE OTP) RECOVERED        )
    FROM PAY-LESS WHOLESALE,                )
25                                          )
    APPROXIMATELY 57 CASES OF               )
26  SMOKEABLE OTP RECOVERED FROM            )
    PAY-LESS WHOLESALE,                     )
27                                          )

28
                                    1

APPROXIMATELY 4,952 BOXES OF )
SMOKEABLE OTP RECOVERED FROM )
PAY-LESS WHOLESALE, )
)
APPROXIMATELY 11,584 CANS OF )
SMOKEABLE OTP RECOVERED FROM )
PAY-LESS WHOLESALE, )
)
APPROXIMATELY 6,914 TUBS OF )
SMOKEABLE OTP RECOVERED FROM )
PAY-LESS WHOLESALE, )
)
APPROXIMATELY 15,141 UNITS OF )
SMOKEABLE OTP IN PACKS OF 5, 10, )
AND 20 RECOVERED FROM PAY-LESS )
WHOLESALE, )
)
APPROXIMATELY 136,221 BAGS/POUCHES )
OF SMOKEABLE OTP RECOVERED FROM )
PAY-LESS WHOLESALE, )
)
APPROXIMATELY 855 CASES )
(CONTAINING APPROXIMATELY 10,608 )
UNITS) OF AL FAKHER TOBACCO )
SMOKEABLE OTP EVIDENCE RECOVERED )
FROM PAY-LESS WHOLESALE, )
)
APPROXIMATELY 272 CASES )
(CONTAINING APPROXIMATELY 6,676 )
UNITS) OF AL WAHA MOLASSES TOBACCO )
SMOKEABLE OTP EVIDENCE RECOVERED )
FROM PAY-LESS WHOLESALE, )
)
APPROXIMATELY 995 CASES )
(CONTAINING APPROXIMATELY 46,112 )
UNITS) OF EVA MODSAL TOBACCO )
SMOKEABLE OTP EVIDENCE RECOVERED )
FROM PAY-LESS WHOLESALE, )
)
APPROXIMATELY 420 CASES )
(CONTAINING APPROXIMATELY 5,040 )
UNITS) OF JAWATTER TOBACCO )
SMOKEABLE OTP EVIDENCE RECOVERED )
FROM PAY-LESS WHOLESALE, )
)
APPROXIMATELY 1,473 CASES )
(CONTAINING APPROXIMATELY 16,674 )
UNITS) OF LAYALINA TOBACCO )
SMOKEABLE OTP EVIDENCE RECOVERED )
FROM PAY-LESS WHOLESALE, )
)
APPROXIMATELY 352 UNITS OF )
MISCELLANEOUS SMOKEABLE OTP )

2

1  EVIDENCE RECOVERED FROM PAY-LESS        )
   WHOLESALE,                              )
2                                          )
                                           )
3  APPROXIMATELY 2,124 CASES               )
   (CONTAINING APPROXIMATELY 14,740        )
   UNITS) OF MOLASSES TOBACCO              )
4  SMOKEABLE OTP EVIDENCE RECOVERED        )
   FROM PAY-LESS WHOLESALE,                )
5                                          )
                                           )
6  APPROXIMATELY 640 CASES                 )
   (CONTAINING APPROXIMATELY 19,884        )
   UNITS) OF PRIME TIME CIGARS             )
7  SMOKEABLE OTP EVIDENCE RECOVERED        )
   FROM PAY-LESS WHOLESALE,                )
8                                          )
                                           )
9  APPROXIMATELY 113 CASES                 )
   (CONTAINING APPROXIMATELY 5,112         )
   UNITS) OF ERIK CIGARS SMOKEABLE         )
10 OTP EVIDENCE RECOVERED FROM             )
   PAY-LESS WHOLESALE,                     )
11                                         )
                                           )
12 APPROXIMATELY 11 CASES                  )
   (CONTAINING APPROXIMATELY 440           )
   UNITS) OF HAV-A-TAMPA JEWLS             )
13 CIGARS SMOKEABLE OTP EVIDENCE           )
   RECOVERED FROM PAY-LESS                 )
14 WHOLESALE,                              )
                                           )
15 APPROXIMATELY 5,906 POUCHES OF          )
   MOLASSES SMOKEABLE OTP EVIDENCE         )
16 RECOVERED FROM PAY-LESS                 )
   WHOLESALE,                              )
17                                         )
   APPROXIMATELY 1,200 PACKS OF            )
18 PHILLIES CIGARILLOS SMOKEABLE           )
   OTP EVIDENCE RECOVERED FROM             )
19 PAY-LESS WHOLESALE,                     )
                                           )
20 Defendants.                             )
   _____)
21

22

23        Plaintiff United States of America, and Claimants Adib Sirope

24 and Rimoun Mansour(hereafter referred to collectively as

25 "Claimants"), by and through their respective counsel, submit the

26 following Joint Status Report and Stipulation for Stay of Further

27 Proceedings and Order [Proposed].

28                                  3

**A.   THE NATURE OF THE CASE:**

Plaintiff seeks to forfeit the defendant property under 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C) on the theory that the defendant property constitutes or is derived from proceeds of a scheme to defraud the California Board of Equalization out of excise taxes due on the sale of tobacco products in California. The plaintiff alleges that the U.S. mail and interstate communications systems were used to perpetrate the fraud. Claimants deny these allegations.

**B.   PROGRESS IN THE SERVICE OF PROCESS:**

All known potential claimants have been personally served with the Complaint for Forfeiture In Rem, Notice of Complaint, Application and Order for Publication, and Court Notices.

Claimants have filed claims to the defendant property and an Answer to the complaint.

**C.   POSSIBLE JOINDER OF ADDITIONAL PARTIES:**

None.

**D.   ANY EXPECTED OR DESIRED AMENDMENT OF PLEADING:**

None.

**E.   JURISDICTION AND VENUE:**

This Court's jurisdiction is based on 28 U.S.C. §§ 1345 and 1355.  Venue is based on 28 U.S.C. §§ 1355(b) and 1395(a).

**F.   ANTICIPATED MOTIONS AND THE SCHEDULING THEREOF:**

As explained below, the parties are requesting that the court stay further proceedings pending the outcome of a related criminal investigation and therefore do not believe this case should be scheduled at this time.

4

1    **G.    ANTICIPATED DISCOVERY AND THE SCHEDULING THEREOF,
              INCLUDING:**

2

3        (1)  what changes, if any, should be made in the timing,
             form, or requirements for disclosure under Rule 26(a),
4        including a statement as to when disclosures under Rule
             26(a)(1) were made or will be made;

5

6        (2)  the subjects on which discovery may be needed,
             when discovery should be completed, and whether
7        discovery should be conducted in phases or be limited
             to or focused upon particular issues;

8

9        (3)  what changes, if any, should be made in the limitations
             on discovery imposed under the Civil Rules and what other
10       limitations, if any, should be imposed;

11
         (4)  the timing of the disclosure of expert witnesses and
12       information required by Rule 26(a)(2);

13       See Paragraph F above.

14   **H.    FUTURE PROCEEDINGS, INCLUDING SETTING APPROPRIATE
              CUT-OFF DATES FOR DISCOVERY, LAW AND MOTION, AND THE**
15            **SCHEDULING OF PRETRIAL AND TRIAL:**

16       (1) The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1)

17   and 981(g)(2).  The plaintiff contends that Sirope and Mansour and

18   other conspired to defraud the California Board of Equalization out

19   of excise taxes due on the sale of tobacco products in California.

20   The plaintiff alleges that the U.S. mail and interstate

21   communications systems were used to perpetrate the fraud.

22   Claimants Sirope and Mansour deny these allegations.

23       (2)  To date claimants Sirope and Mansour, the owners of the

24   property, have not been charged with any criminal offense by state,

25   local, or federal authorities, and the statute of limitations has

26   not expired on potential criminal charges relating to the fraud

27   scheme.  Nevertheless, the plaintiff intends to depose Sirope and

28                                    5

Mansour regarding their claim to the defendant property, their operation of Pay-Less Wholesale Tobacco, and their business dealings with others in the tobacco industry.  If discovery proceeds at this time, Sirope and Mansour will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claim to the defendant real property, or waiving their Fifth Amendment right and submitting to a deposition and potentially incriminating themselves.  If either person invokes his Fifth Amendment right, the plaintiff will be deprived of the ability to explore the factual basis for the claims they filed with this court.

(3)  In addition, claimants intend to depose the law enforcement agents involved in this investigation.  Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate the underlying criminal conduct.

(4) The parties recognize that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon claimant's ability to prove his claim to the property and assert any defenses to forfeiture. For these reasons, the parties jointly request that this matter be stayed for six months.  At that time the parties will advise the court of the status of criminal investigation, if any, and will advise the court whether a further stay is necessary.

**I.    APPROPRIATENESS OF SPECIAL PROCEDURES:**

None.

1    **J.    ESTIMATE OF TRIAL TIME:**

2    Unknown at this time.

3    **K.    MODIFICATION OF STANDARD PRETRIAL PROCEDURES SPECIFIED
            BY THE RULES DUE TO THE RELATIVE SIMPLICITY OR**

4    **COMPLEXITY OF THE ACTION OF PROCEEDINGS:**

5    None.

6    **L.    WHETHER THE CASE IS RELATED TO ANY OTHER CASE,
            INCLUDING ANY MATTERS IN BANKRUPTCY:**

7

8    This case is related to five other cases: <u>United States v.</u>

9    <u>12001 Victory Boulevard</u>, 2:08-cv-2074 JAM-GGH;  <u>United States v.</u>

10   <u>6525 South Bruce Street</u>, 2:08-cv-2075 JAM-GGH; <u>United States v.</u>

11   <u>$23,770.87 et al</u>., 2:08-cv-2752 JAM-GGH; and <u>United States v.</u>

12   <u>$23,032.07 et al</u>., 2:08-cv-2753 JAM-GGH; <u>United States v. $4,023 et</u>

13   <u>al</u>., 2:09-cv-0111 JAM-GGH; and <u>United States v. $6,085 et al</u>.,

14   2:09-cv-151 JAM-GGH.  A Notice of Related Cases was filed on

15   January 16, 2009, and a Related Case Order was entered on January

16   21, 2009.

17   **M.    WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED:**

18   The parties do not believe a settlement conference is

19   appropriate in this case.

20   //

21   //

22

23

24

25

26

27

28                                   7

**N.   ANY OTHER MATTERS THAT MAY ADD TO THE JUST AND EXPEDITIOUS DISPOSITION OF THIS MATTER:**

None.


Dated: January 30, 2009          LAWRENCE G. BROWN
                                 Acting United States Attorney


                          By   /s/ Kristin S. Door
                               KRISTIN S. DOOR
                               Assistant U.S. Attorney
                               Attorneys for Plaintiff
                               United States of America


Dated: February 4, 2009          GERAGOS & GERAGOS


                          By   /s/ Shepard S. Kopp
                               SHEPARD S. KOPP
                               Attorneys for claimants
                               Adib Sirope and Rimoun Mansour

**ORDER**

    For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for a period of six months.  On or before August 1, 2009, the parties will advise the court whether a further stay is necessary.


IT IS SO ORDERED.

Dated: February 5, 2009
                                 /s/ John A. Mendez
_____
                                 JOHN A. MENDEZ
                                 UNITED STATES DISTRICT JUDGE

8