```
LAWRENCE G. BROWN
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>APPROXIMATELY $23,032.07 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NO. 03842-03399, HELD IN THE NAME OF PAY-LESS WHOLESALE,<br><br>APPROXIMATELY 135,455 CIGARS, (SMOKEABLE OTP) IN PACKS OF 5, 10, AND 20 RECOVERED FROM PAY-LESS WHOLESALE,<br><br>APPROXIMATELY 2,297 CIGARS (SMOKEABLE OTP) IN PACKS OF 50 RECOVERED FROM PAY-LESS WHOLESALE,<br><br>APPROXIMATELY 151 CIGARS (SMOKEABLE OTP) IN PACKS OF 240 RECOVERED FROM PAY-LESS WHOLESALE,<br><br>APPROXIMATELY 326,942 INDIVIDUAL CIGARS (SMOKEABLE OTP) RECOVERED FROM PAY-LESS WHOLESALE,<br><br>APPROXIMATELY 57 CASES OF SMOKEABLE OTP RECOVERED FROM PAY-LESS WHOLESALE, | 2:08-cv-02753 JAM-GGH<br><br>**STIPULATION FOR STAY AND ORDER**<br><br>DATE: N/A<br>TIME: N/A<br>COURTROOM: N/A |

1

| | |
|---|---|
| APPROXIMATELY 4,952 BOXES OF SMOKEABLE OTP RECOVERED FROM PAY-LESS WHOLESALE, | ) ) ) |
| APPROXIMATELY 11,584 CANS OF SMOKEABLE OTP RECOVERED FROM PAY-LESS WHOLESALE, | ) ) ) |
| APPROXIMATELY 6,914 TUBS OF SMOKEABLE OTP RECOVERED FROM PAY-LESS WHOLESALE, | ) ) ) |
| APPROXIMATELY 15,141 UNITS OF SMOKEABLE OTP IN PACKS OF 5, 10, AND 20 RECOVERED FROM PAY-LESS WHOLESALE, | ) ) ) ) |
| APPROXIMATELY 136,221 BAGS/POUCHES OF SMOKEABLE OTP RECOVERED FROM PAY-LESS WHOLESALE, | ) ) ) |
| APPROXIMATELY 855 CASES (CONTAINING APPROXIMATELY 10,608 UNITS) OF AL FAKHER TOBACCO SMOKEABLE OTP EVIDENCE RECOVERED FROM PAY-LESS WHOLESALE, | ) ) ) ) ) |
| APPROXIMATELY 272 CASES (CONTAINING APPROXIMATELY 6,676 UNITS) OF AL WAHA MOLASSES TOBACCO SMOKEABLE OTP EVIDENCE RECOVERED FROM PAY-LESS WHOLESALE, | ) ) ) ) ) |
| APPROXIMATELY 995 CASES (CONTAINING APPROXIMATELY 46,112 UNITS) OF EVA MODSAL TOBACCO SMOKEABLE OTP EVIDENCE RECOVERED FROM PAY-LESS WHOLESALE, | ) ) ) ) ) |
| APPROXIMATELY 420 CASES (CONTAINING APPROXIMATELY 5,040 UNITS) OF JAWATTER TOBACCO SMOKEABLE OTP EVIDENCE RECOVERED FROM PAY-LESS WHOLESALE, | ) ) ) ) ) |
| APPROXIMATELY 1,473 CASES (CONTAINING APPROXIMATELY 16,674 UNITS) OF LAYALINA TOBACCO SMOKEABLE OTP EVIDENCE RECOVERED FROM PAY-LESS WHOLESALE, | ) ) ) ) ) |
| APPROXIMATELY 352 UNITS OF MISCELLANEOUS SMOKEABLE OTP | ) ) |

```
 1  EVIDENCE RECOVERED FROM PAY-LESS   )
    WHOLESALE,                         )
 2                                     )
    APPROXIMATELY 2,124 CASES          )
 3  (CONTAINING APPROXIMATELY 14,740   )
    UNITS) OF MOLASSES TOBACCO         )
 4  SMOKEABLE OTP EVIDENCE RECOVERED   )
    FROM PAY-LESS WHOLESALE,           )
 5                                     )
    APPROXIMATELY 640 CASES            )
 6  (CONTAINING APPROXIMATELY 19,884   )
    UNITS) OF PRIME TIME CIGARS        )
 7  SMOKEABLE OTP EVIDENCE RECOVERED   )
    FROM PAY-LESS WHOLESALE,           )
 8                                     )
    APPROXIMATELY 113 CASES            )
 9  (CONTAINING APPROXIMATELY 5,112    )
    UNITS) OF ERIK CIGARS SMOKEABLE    )
10  OTP EVIDENCE RECOVERED FROM        )
    PAY-LESS WHOLESALE,                )
11                                     )
    APPROXIMATELY 11 CASES             )
12  (CONTAINING APPROXIMATELY 440      )
    UNITS) OF HAV-A-TAMPA JEWLS        )
13  CIGARS SMOKEABLE OTP EVIDENCE      )
    RECOVERED FROM PAY-LESS            )
14  WHOLESALE,                         )
                                       )
15  APPROXIMATELY 5,906 POUCHES OF     )
    MOLASSES SMOKEABLE OTP EVIDENCE    )
16  RECOVERED FROM PAY-LESS            )
    WHOLESALE,                         )
17                                     )
    APPROXIMATELY 1,200 PACKS OF       )
18  PHILLIES CIGARILLOS SMOKEABLE      )
    OTP EVIDENCE RECOVERED FROM        )
19  PAY-LESS WHOLESALE,                )
                                       )
20          Defendants.                )
    _____)
21
```

Plaintiff United States of America, and Claimants Adib Sirope and Rimoun Mansour (hereafter collectively "Claimants"), by and through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying further proceedings for an additional six months pending the outcome of a related criminal investigation

3

against claimants.  The stay currently in effect expires August 1, 2009.

    1.   Claimants filed a claim to the defendant property on December 30, 2008, and filed an Answer to the complaint on January 13, 2009.

    2.   The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2).  The plaintiff contends that claimants and others conspired to defraud the California Board of Equalization out of excise taxes due on the sale of tobacco products in California. The plaintiff alleges that the U.S. mail and interstate communications systems were used to perpetrate the fraud. Claimants deny these allegations.

    3.   To date claimants, the owners of the property, have not been charged with any criminal offense by state, local, or federal authorities, and the statute of limitations has not expired on potential criminal charges relating to the fraud scheme. Nevertheless, the plaintiff intends to depose claimants regarding their claim to the defendant property, their operation of Pay-Less Wholesale Tobacco, and their business dealings with others in the tobacco industry.  If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claim to the defendant property, or waiving their Fifth Amendment right and submitting to a deposition and potentially incriminating themselves.  If either person invokes his Fifth Amendment right, the plaintiff will be deprived of the ability to explore the factual basis for the claims they filed with

4

1 | this court.

2 |     4.   In addition, claimants intend to depose the law enforcement agents involved in this investigation.  Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to investigate the underlying criminal conduct.

    5.   The parties recognize that proceeding with this action at this time has potential adverse affects on the investigation of the underlying criminal conduct and/or upon claimants' ability to prove their claim to the property and assert any defenses to forfeiture. For these reasons, the parties jointly request that this matter be stayed for an additional six months.  At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

Dated: July 31, 2009        LAWRENCE G. BROWN
                               United States Attorney

                         By   /s/ Kristin S. Door
                               KRISTIN S. DOOR
                               Assistant U.S. Attorney
                               Attorneys for Plaintiff
                               United States of America

Dated: August 1, 2009       GERAGOS & GERAGOS

                         By   /s/ Shepard S. Kopp
                               SHEPARD S. KOPP
                               Attorneys for claimants
                               Adib Sirope and Rimoun Mansour


                               (Original signatures retained by
                               Plaintiff's counsel)

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) for an additional six months. On or before February 1, 2010, the parties will advise the court whether a further stay is necessary.

IT IS SO ORDERED.

Dated: August 4, 2009

/s/ John A. Mendez
JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE

6