1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700

5  Attorneys for the United States

6
7
8           IN THE UNITED STATES DISTRICT COURT
9            EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA, | 2:08-CV-02753-JAM-CKD |
|---|---|
12 | Plaintiff, | |
13 | v. | FINAL JUDGMENT OF FORFEITURE |
14 | APPROXIMATELY $23,032.07 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACCOUNT NO. 03842-03399, HELD IN THE NAME OF PAY-LESS WHOLESALE, | |
17 | APPROXIMATELY 135,455 CIGARS, (SMOKEABLE OTP) IN PACKS OF 5, 10, AND 20 RECOVERED FROM PAY-LESS WHOLESALE, | |
20 | APPROXIMATELY 2,297 CIGARS (SMOKEABLE OTP) IN PACKS OF 50 RECOVERED FROM PAY-LESS WHOLESALE, | |
22 | APPROXIMATELY 151 CIGARS (SMOKEABLE OTP) IN PACKS OF 240 RECOVERED FROM PAY-LESS WHOLESALE, | |
25 | APPROXIMATELY 326,942 INDIVIDUAL CIGARS (SMOKEABLE OTP) RECOVERED FROM PAY-LESS WHOLESALE, | |
27 | APPROXIMATELY 57 CASES OF SMOKEABLE OTP RECOVERED FROM PAY-LESS WHOLESALE, | |

1

APPROXIMATELY 4,952 BOXES OF SMOKEABLE OTP RECOVERED FROM PAY-LESS WHOLESALE,

APPROXIMATELY 11,584 CANS OF SMOKEABLE OTP RECOVERED FROM PAY-LESS WHOLESALE,

APPROXIMATELY 6,914 TUBS OF SMOKEABLE OTP RECOVERED FROM PAY-LESS WHOLESALE,

APPROXIMATELY 15,141 UNITS OF SMOKEABLE OTP IN PACKS OF 5, 10, AND 20 RECOVERED FROM PAY-LESS WHOLESALE,

APPROXIMATELY 136,221 BAGS/POUCHES OF SMOKEABLE OTP RECOVERED FROM PAY-LESS WHOLESALE,

APPROXIMATELY 855 CASES (CONTAINING APPROXIMATELY 10,608 UNITS) OF AL FAKHER TOBACCO SMOKEABLE OTP EVIDENCE RECOVERED FROM PAY-LESS WHOLESALE,

APPROXIMATELY 272 CASES (CONTAINING APPROXIMATELY 6,676 UNITS) OF AL WAHA MOLASSES TOBACCO SMOKEABLE OTP EVIDENCE RECOVERED FROM PAY-LESS WHOLESALE,

APPROXIMATELY 995 CASES (CONTAINING APPROXIMATELY 46,112 UNITS) OF EVA MODSAL TOBACCO SMOKEABLE OTP EVIDENCE RECOVERED FROM PAY-LESS WHOLESALE,

APPROXIMATELY 420 CASES (CONTAINING APPROXIMATELY 5,040 UNITS) OF JAWATTER TOBACCO SMOKEABLE OTP EVIDENCE RECOVERED FROM PAY-LESS WHOLESALE,

APPROXIMATELY 1,473 CASES (CONTAINING APPROXIMATELY 16,674 UNITS) OF LAYALINA TOBACCO SMOKEABLE OTP EVIDENCE

| | |
|---|---|
| 1 | RECOVERED FROM PAY-LESS WHOLESALE, |
| 2 | APPROXIMATELY 352 UNITS OF MISCELLANEOUS SMOKEABLE OTP |
| 3 | EVIDENCE RECOVERED FROM PAY-LESS WHOLESALE, |
| 4 | |
| 5 | APPROXIMATELY 2,124 CASES (CONTAINING APPROXIMATELY 14,740 UNITS) OF MOLASSES TOBACCO |
| 6 | SMOKEABLE OTP EVIDENCE RECOVERED FROM PAY-LESS |
| 7 | WHOLESALE, |
| 8 | APPROXIMATELY 640 CASES (CONTAINING APPROXIMATELY 19,884 |
| 9 | UNITS) OF PRIME TIME CIGARS SMOKEABLE OTP EVIDENCE |
| 10 | RECOVERED FROM PAY-LESS WHOLESALE, |
| 11 | |
| 12 | APPROXIMATELY 113 CASES (CONTAINING APPROXIMATELY 5,112 UNITS) OF ERIK CIGARS SMOKEABLE |
| 13 | OTP EVIDENCE RECOVERED FROM PAY-LESS WHOLESALE, |
| 14 | |
| 15 | APPROXIMATELY 11 CASES (CONTAINING APPROXIMATELY 440 UNITS) OF HAV-A-TAMPA JEWLS |
| 16 | CIGARS SMOKEABLE OTP EVIDENCE RECOVERED FROM PAY-LESS |
| 17 | WHOLESALE, |
| 18 | APPROXIMATELY 5,906 POUCHES OF MOLASSES SMOKEABLE OTP |
| 19 | EVIDENCE RECOVERED FROM PAY-LESS WHOLESALE, |
| 20 | |
| 21 | APPROXIMATELY 1,200 PACKS OF PHILLIES CIGARILLOS SMOKEABLE OTP EVIDENCE RECOVERED FROM |
| 22 | PAY-LESS WHOLESALE, |
| 23 | Defendants. |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1. This is a civil forfeiture action against the above-captioned assets seized on August 13, 2008, by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF").

3

The above-captioned assets are referred to herein as "Defendant Properties." The non-cash portion of the Defendant Properties are referred to separately as "Defendant Other Tobacco Products."

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on November 14, 2008, alleging that said Defendant Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C).

3. On or about November 19, 2008, the Clerk issued a Warrant for Arrest for the Defendant Properties, and that warrant was executed on November 25, 2008 and December 22, 2008.

4. Beginning on December 11, 2008, for at least thirty consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on February 2, 2009.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

    a. Adib Sirope ("Sirope")

    b. Rimoun Mansour ("Mansour")

6. Sirope and Mansour filed a joint Claim alleging an interest in all of the Defendant Properties on December 30, 2008, and an Answer to the Complaint on January 13, 2009. Nara Bank, N.A.[1] filed a Verified Claim alleging a perfected security interest in all of the Defendant Other Tobacco Products on April 28, 2011, and an Answer to the Complaint on May 10, 2011. The Bank's Claim to the Defendant Other Tobacco Products is based on an April 9, 2007 commercial loan and related security agreement between Bank and Pay Less Wholesale, a tobacco distributor ("Pay-Less"), which loan documents were executed by Sirope and Mansour, as general partners of Pay-Less ("the Nara Bank Loan").

---

[1] All references to "Nara Bank" and/or "the Bank" mean and include BBCN Bank, N.A., as successor-in-interest to Nara Bank N.A.

As of October 21, 2011, the amount of the Bank's lien in connection with the Nara Bank Loan, inclusive of interest, fees and costs, is $786,155.36. Interest accrues at the daily rate of $87.99.

7. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

8. Defendant Other Tobacco Products are perishable property, and are currently being stored at Schafer Logistics, Inc., a commercial storage facility in Carson, California ("Schafer Logistics"), at the sole expense of the United States.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. That judgment is hereby entered against Claimants Sirope, Mansour, and Nara Bank, and all other potential claimants who have not filed claims in this action.

3. All right, title, and interest of Sirope and Mansour in the Approximately $23,032.07 in U.S. Currency seized from Bank of America Account No. 03842-03399, held in the name of Pay-Less Wholesale, plus all accrued interest, shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.

4. All right, title, and interest of Sirope and Mansour in the Defendant Other Tobacco Products (listed in Exhibit A attached hereto) shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C). Once forfeited, the Defendant Other Tobacco Products shall be released to Bank. The Defendant Other Tobacco Products are referred to herein as the "Tobacco Products."

5. The further disposition of the Tobacco Products will be conducted as follows:

   **a. Transfer.**

   The Tobacco Products shall be transferred from the United States to the Bank (to

include its designated agents) at the Schafer Logistics facility where the Tobacco Products are presently located ("the Property Transfer").  The parties shall ensure that the Property Transfer take place within thirty days of entry of this Final Judgment of Forfeiture.  Following the transfer, Bank will also utilize the services of Schafer Logistics for post-transfer storage.  Accordingly, the Tobacco Products will be physically moved within the Schafer Logistics facility only to the extent reasonably necessary to ensure that proper security procedures are maintained, and/or to facilitate subsequent inspection and sale (as further detailed below).  The physical transfer of the Tobacco Products shall be conducted by Schafer Logistics personnel, under the supervision of the ATF (or its designee/agent).  The parties shall cooperate in providing further documentation as may be reasonably necessary to evidence the transfer of all right, title and interest in the Tobacco Products to the Bank (to include its designated agents).  If the Property Transfer does not take place within thirty days of entry of this Final Judgment of Forfeiture, the United States is authorized to destroy all of the Tobacco Products.

      **b.**    **Storage Costs.**

The United States shall be responsible for all storage costs of the Tobacco Products through and including the date of the Property Transfer.  The Bank shall be responsible for all storage costs of the Tobacco Products following the date of the Property Transfer.

      **c.**    **Inspection.**

Following the Property Transfer, the Bank (including its designated agents), at its sole expense, will conduct a further inspection of the Tobacco Products[2] to determine the marketability of such products ("Inspection").  Bank shall utilize its best efforts to conduct the Inspection within thirty days of the date of the Property Transfer.  Based on the results of the Inspection, Bank, at its sole discretion, may designate certain of the Tobacco Products as "unmarketable;" i.e., without any significant sale value.

///

---

[2] A preliminary inspection was previously conducted on or about May 28, 2013.

**d.     Destruction of Unmarketable Tobacco Products.**

Following the Inspection, any Tobacco Products deemed unmarketable by the Bank shall be subject to a "certified destruction" by Schafer Logistics, and appropriate documentation shall issue from Schafer Logistics certifying such destruction.  The parties shall utilize best efforts to ensure that such destruction takes place within thirty days of the Bank's designation of such Tobacco Products as unmarketable.  The United States shall be responsible for the cost of the certified destruction of the unmarketable portion of the Tobacco Products, and the cost of documentation evidencing such certified destruction.

**e.     Sale of Marketable Tobacco Products; Application of Proceeds.**

Following the Inspection, the Bank (to include its designated agents) will, at its sole expense, arrange for sale of the remaining Tobacco Products.  The sale shall be conducted in a commercially reasonable manner consistent with applicable state and federal law relating to tobacco products.  The net proceeds of the sale will include all funds realized from the sale of the tobacco products, less expenses incurred by Bank since the date of transfer and expenses related to the sale.  The net proceeds of any such sale(s) shall operate as an offset to Sirope's and Mansour's obligations under the Nara Bank Loan.  Within thirty days of any sale, Bank shall advise the parties of the results of the sale and corresponding offsets enjoyed by Sirope and Mansour.  The United States has no role in the sale.

**f.     Further Obligations of United States.**

Following the date of the Property Transfer, the United States will not bear any responsibility or coverage for costs, fees, or liability associated with the storage, disposal, audit, inspection, or sale of the Defendant Other Tobacco Products.

6.     The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure, arrest, sale, or forfeiture of the Defendant Properties.  This is a full and final release applying to all unknown and

7

unanticipated injuries, and/or damages arising out of said seizure, arrest, sale, or forfeiture of the Defendant Properties, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

7. All parties are to bear their own costs and attorney's fees.

8. The U.S. District Court for the Eastern District of California, Hon. John A. Mendez, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

9. Based upon the allegations set forth in the Complaint filed November 14, 2008, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the Defendant Properties, and for the commencement and prosecution of this forfeiture action.

SO ORDERED THIS 21st day of February, 2014.

/s/ John A. Mendez
JOHN A. MENDEZ
United States District Court Judge

## Exhibit A

a. Approximately 135,455 Cigars (Smokeable OTP) in Packs of 5, 10, and 20 recovered from Pay-Less Wholesale,
b. Approximately 2,297 Cigars (Smokeable OTP) in Packs of 50 recovered from Pay-Less Wholesale,
c. Approximately 151 Cigars (Smokeable OTP) in Packs of 240 recovered from Pay-Less Wholesale,
d. Approximately 326,942 Individual Cigars (Smokeable OTP) recovered from Pay-Less Wholesale,
e. Approximately 57 Cases of Smokeable OTP recovered from Pay-Less Wholesale,
f. Approximately 4,952 Boxes of Smokeable OTP recovered from Pay-Less Wholesale,
g. Approximately 11,584 Cans of Smokeable OTP recovered from Pay-Less Wholesale,
h. Approximately 6,914 Tubs of Smokeable OTP recovered from Pay-Less Wholesale,
i. Approximately 15,141 Units of Smokeable OTP in Packs of 5, 10, and 20 recovered from Pay-Less Wholesale,
j. Approximately 136,221 Bags/Pouches of Smokeable OTP recovered from Pay-Less Wholesale,
k. Approximately 855 Cases (Containing Approximately 10,608 Units) of Al Fakher Tobacco Smokeable OTP Evidence recovered from Pay-Less Wholesale,
l. Approximately 272 Cases (Containing Approximately 6,676 Units) of Al Waha Molasses Tobacco Smokeable OTP Evidence recovered from Pay-Less Wholesale,
m. Approximately 995 Cases (Containing Approximately 46,112 Units) of Eva Modsal Tobacco Smokeable OTP Evidence recovered from Pay-Less Wholesale,
n. Approximately 420 Cases (Containing Approximately 5,040 Units) of Jawatter Tobacco Smokeable OTP Evidence recovered from Pay-Less Wholesale,
o. Approximately 1,473 Cases (Containing Approximately 16,674 Units) of Layalina Tobacco Smokeable OTP Evidence recovered from Pay-Less Wholesale,
p. Approximately 352 Units of Miscellaneous Smokeable OTP Evidence recovered from Pay-Less Wholesale,
q. Approximately 2,124 Cases (Containing Approximately 14,740 Units) of Molasses Tobacco Smokeable OTP Evidence recovered from Pay-Less Wholesale,
r. Approximately 640 Cases (Containing Approximately 19,884 Units) of Prime Time Cigars Smokeable OTP Evidence recovered from Pay-Less Wholesale,
s. Approximately 113 Cases (Containing Approximately 5,112 Units) of Erik Cigars Smokeable OTP Evidence recovered from Pay-Less Wholesale,
t. Approximately 11 Cases (Containing Approximately 440 Units) of Hav-A-Tampa Jewls Cigars Smokeable OTP Evidence recovered from Pay-Less Wholesale,
u. Approximately 5,906 Pouches of Molasses Smokeable OTP Evidence recovered from Pay-Less Wholesale, and
v. Approximately 1,200 Packs of Phillies Cigarillos Smokeable OTP Evidence recovered from Pay-Less Wholesale.

Final Judgment of Forfeiture